ANNA ALISAUSKAS ET AL., PLAINTIFFS, v. ANGELINA ITRO ET AL., DEFENDANTS.

Decided October 6, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the rule, *Heine & Laird.*

*Contra, Kalisch & Kalisch.*

PER CURIAM.

This is an automobile accident case. The plaintiff Anna Alisauskas, a little girl eight years of age, while crossing Washington avenue in Hackensack, was struck by an automobile owned by the defendant Angelina Itro and operated by the other defendant, William Itro, who was driving the car for her. The little girl attempted to cross the street in the middle of the block. The jury rendered a verdict in favor of the child for $5,000 and in favor of her father, who joined in the suit, for $1,200, and the defendant thereupon applied for and obtained the present rule to show cause.

The first ground upon which the verdicts are attacked is that they are contrary to the weight of the evidence on the question of defendants' liability. The proofs submitted on the part of the plaintiffs was that the plaintiff had almost completed the crossing of Washington avenue and was within five or six feet of the curb when she was struck by the front left side of the automobile. Whether the child was running

or walking was a matter of dispute, but that seems to us to be immaterial. The proofs submitted on the part of the defendant showed that as he approached that part of Washington avenue which the child attempted to cross, he observed her and her elder sister on the right side of the street, and that when he was a distance of about seventy-five feet from the point where they were standing they suddenly darted across the street; that as they did so he blew his horn to warn them, but when the infant plaintiff reached the other side of the street she started back again and ran into the side of the car; that the elder sister had been chasing her and that she was running away. It is evident that whatever the conditions under which the accident happened were, the driver of the car saw this child in time to avoid the collision. If, as he said, when he was about seventy-five feet from the point where these two children were standing, the little one ran across the street chased by her elder sister and then turned and ran back, it was a question for the jury to say whether, in view of that situation, he was not careless in failing to have his car sufficiently under control to avoid striking one or the other of these children by stopping it, if necessary. If the accident happened in the way in which the plaintiffs' witnesses testified, that is, while this little girl was crossing the street from one curb to the other, certainly the jury were justified in holding him responsible for the accident.

It is further contended that the damages awarded to this child and her father were each of them excessive. The proofs submitted by the plaintiffs showed that as a result of the accident the right ear drum of this little child was ruptured and that she will be permanently deaf in that ear. This was contradicted by medical testimony offered by the defendants, but we consider that the proofs fully justified the jury in so finding. The question therefore is whether an award of $5,000 for permanent deafness which will continue through the life of this child, is excessive. It is liberal, but we cannot say that it is so clearly excessive as to justify us in setting it aside. As to the award to the father, it may fairly be

assumed that the permanent deafness of his child in one ear will to some extent interfere with her ability to perform services during her residence in her father's home. Just what pecuniary loss the father would sustain by reason thereof is to some extent a matter of guesswork, and we cannot say that the jury was manifestly wrong in its finding that $1,200 would be reasonable compensation therefor.

The rule to show cause will be discharged.